We'll take up the 11 o'clock please. Counsel v. Rice, counsel for the appellant, you may proceed. Thank you. This is case number 517-0037. May it please the court. Counsel? My name is Jim Wallert. I'm with the Office of the State of Public Defender. I work primarily on the 4th District. This is my first time here. I represent Dion Rice. Oh, thank you sir. I represent Dion Rice who appeals a second stage denial of his post-conviction petition. Due to lack of reasonable representation rendered by post-conviction counsel. Post-conviction counsel, Mr. P.K. Johnson IV, failed to comply with Rule 651C in either substance or form in this case. He did that when he filed what he called an amended petition for post-conviction relief. Months later, after the state moved to dismiss the petition, Mr. Johnson also filed what purported to be a certificate of compliance with Rule 651C. Indicating he has, quote, examined the entire record of the proceedings of the plea of guilty and sentencing, unquote. In reality, Mr. Johnson failed to comply with Rule 651 when he failed to shape the allegations in the appropriate legal form. He failed to amend the petition with affidavits or explain the absence of those affidavits. He didn't, as required by Rule 651, make any amendments to the petition's final pro se that are necessary for an adequate presentation of the petitioner's contentions. I know people versus Turner is kind of the low watermark as far as reasonable assistance by post-conviction counsel. And I think in this case, Rule equals that in the actual effect of the representation Mr. Johnson rendered here. It was rendered, he represented Mr. Rice in name only, just like in people v. Turner. First of all, the language about reviewing a guilty plea and sentencing in Mr. Johnson's certificate doesn't comply with the Rule. But more importantly, the way it doesn't comply with the Rule reveals the substantive noncompliance with his duties under the Rule. 651C requires post-conviction counsel to examine the record of the proceedings at trial. In that language, it's teased out a little bit more than the actual Rule. That language comes from Perkins in our brief. Not just the transcripts of the plea hearing and sentencing. More importantly, Mr. Johnson's filing failed to include all the detailed, disturbing facts and allegations laid out in Mr. Rice's amended petition, regarding the threat of hepatitis C, living with flood and human waste, and the deaths in the jail. Instead, Mr. Johnson retyped several of the allegations from Mr. Rice's original petition, including baseless allegations with no independent legal reasoning, like the trial counsel failed to file a motion to dismiss the domestic battery charge because there was no proof of a domestic relationship. That's a novel legal theory. Certainly would have required a lot of development to overcome some basic black-letter law on motions to dismiss. None of that was provided, because he just retyped what Mr. Rice had written in his petition. As an attorney, I think it would be great if the state was required to lay out all of its evidence in the charging document, but that's not the system we have. So a motion to dismiss is frivolous, would have been frivolous. Alleging it is even frivolous, that counsel should have done that. Rule 651 requires the type of proper review of the record that would have alerted Mr. Johnson to those specific allegations about hepatitis, human waste, deaths in the jail, that were found in the pro se amended petition, and the details of, more importantly, trial counsel's potential conflicts that were found in the pro se brief in support of post-conviction petition. If Mr. Johnson had reviewed everything he had filed, he would have included all of these allegations, as well as found some legal support for them. And Mr. Johnson kind of puts a bow on those issues when he includes the line that additional affidavits are not attached here to, due to the nature of the points raised herein. Those affidavits are available in the record. I mean, both that brief in support of the amended petition were signed under the penalty of perjury. To the extent that they don't qualify as affidavits, it was incumbent upon Mr. Johnson to get affidavits. He thinks that, I shouldn't say, it appears based on that line in his petition that he believes that any time there's an allegation of ineffective assistance to counsel, you don't need petitions, excuse me, you don't need affidavits. The reasoning behind the court's previous excusable affidavits in those cases has to do with the nature of private conversations between an attorney and his counsel. You don't just get to waive affidavits every time you file an IAC brief. Mr. Johnson was either unaware that he had substantive affidavits in the filing that he could have used, or he was unaware of the necessity of affidavits. Either one of those constitutes unreasonable representation. Simply retyping the argument from Mr. Rice's pro se filing is not adequate representation of the defendant's claims. It shows the lack of adequate reasonable representation of the post-counsel providing this case. He's asking this Court to remand with directions that new post-conviction counsel be appointed to review the entire record to properly amend the post-conviction petition supported by facts provided and sworn to by Mr. Rice or developed further and shaped into proper forms of legal arguments. If there are no questions. Again, the form of relief you're requesting is a remand. Yes, sir. At this point, your client, has he served his sentence? I would need to double check. I don't believe that he has. I believe that he's still in custody on this. I did check the website, and I believe he's still in custody. I believe that's correct. Thank you. Thank you very much. May it please the Court. Counsel. My name is Max Miller, and I represent the people of the state of Illinois. There's primarily one issue here on appeal, and that's whether or not post-conviction counsel filed a valid certificate of compliance with Rule 651C. The state maintains that this certificate was valid, and therefore, the defendant failed to rebut the presumption of reasonable assistance that derives from that. We are under a de novo standard of review. The rule is itself, the record filed in the court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings of the trial, and has made any amendments to the petition filed pro se that are necessary for adequate presentation of the petitioner's contentions. Now, the defendant asserts that because the certificate says, I have examined the entire record of the proceedings of the plea of guilty in sentencing, and not the record of the proceedings at trial, the certificate is somehow per se deficient. Worth noting is that there was no trial in this case. There's no case law that provides that that specific language is in and of itself deficient, provided that the record certainly supplements this statement to show that these were the only relevant proceedings, and that the post-conviction counsel consulted with this client. The second district in Kirkpatrick looked at a 651C certificate, which the state believes is analogous here. They miscaptioned that certificate, and we believe that this is a similar thing. In Kirkpatrick, they state, you know, counsel is presumed competent. And surely that this change in plea of guilty and sentencing from trial is not sufficient to show in and of itself that he didn't review the records. And if you look at the amended petition that was filed by post-conviction counsel, you will see many of the claims overlapping. Now, just because it is not a carbon copy of it, that doesn't mean that he's somehow been negligent. In fact, the way that defendant argues he maintained frivolous claims from the pro se petition, that certainly implies that he was at least reading the pro se petition. So the record does show that post-conviction counsel examined this. And if we look at the trial court's order granting the state's motion to dismiss and the state's motion to dismiss itself, we see that the point of contention here is the plea of guilty and the sentencing hearing. We're looking at whether or not counsel was effective during this. So provided that this court agrees that the certificate was valid, the defendant now has to rebut this presumption of reasonable assistance. And the state maintains that this just isn't possible in light of People v. Hopwanger. We know that if there's no prejudice under Strickland, then certainly we can't say that assistance was unreasonable. We can't even say that it wasn't ineffective. And looking at that, the question is what harm came from the maintenance of these claims from the pro se motion for the defendant. Now, the state has argued in its brief that there's an explanation for why it talked about the line of discovery and why it filed a motion to dismiss the charges. But this court doesn't even have to reach that issue if it just says that there was no harm suffered by the defendant for these being included in there. Then there's no way to show that assistance counsel was unreasonable. And as for post-conviction counsel explaining that the only person who could testify to the things that the defendant was saying was the defendant himself, although the defendant inundated the court with pro se motions which the state put the procedural history of in its brief, there's nothing in those motions that moves beyond the defendant as the person who can say that these different things were suffered, such as the conflict of interest. And there's every reason to assume that post-conviction counsel examined these claims and dismissed them as not meritorious, so it therefore did not include them in their amended post-conviction petition. Are there any questions? Okay. So we respectfully request that this court defer. I do want to correct what I previously said. I did check the website, but that was on a different case, so I do not know the answer to that question on Mr. Rice's case. The court will now entertain a rebuttal. Thank you. I just want to touch on a couple of points that counsel mentioned. We're not just here on the validity of the certificate. We're talking about substantive noncompliance with the rule. This isn't a matter where the wrong caption was put on it or the wrong party names or anything like that. We're talking about the substantive attestation. The entire point of that rule was not complied with facially and in a way that reflects the actual lack of work that was done. Respectfully, it's completely irrelevant that there was no trial in this case. The language of the rule is not the extent of the law here. I cited Perkins. The courts have explained that counsel is supposed to examine the entire record of the trial court proceedings. If we take the state's position here that there was no trial, so it doesn't matter, then there's nothing for post-prediction counsel to do in any plea tensing case because he's required to review the record of the trial. There's no trial. Nothing to do. Clearly, that's not the intent of the rule. Counsel asks about what was the harm here and wants to do a stripment analysis to prejudice, but we don't look to the merits of the allegations in a case like this. People v. Turner, the Supreme Court. This court will not speculate whether the trial clerk would have dismissed the petition without an evidentiary hearing if counsel had adequately performed his duties under Rule 6.2.1c. In a case like this where we're talking about whether there was some unreasonable representation, we don't substitute our judgment for that of the court on the merits, especially when the allegations have not been properly presented. That's the entire point of having appointed counsel. In this case, no reasonable counsel was appointed, so none of the issues have been properly presented to the court,  I believe those are the major points. Thank you for your time. Thank you, counsel. The court will take this matter under the president's decision in due course. The court will not stand at recess until we move on.